Zimmerman, J.
The ultimate question for this court to determine is whether the decision of the Board of Tax Appeals is unreasonable or unlawful.
Subdivision (B) of Section 5739.01, Revised Code (Section 5546-1, General Code), a part of the Sales Tax Act, defines generally “sale” and “selling” as including all transactions *11 whereby title or possession of tangible personal property is or is to be transferred for a consideration.
Then, Section 5739.02, Revised Code (Section 5546-2, General Code), levies for stated purposes an excise tax “on each retail sale made in this state of tangible personal property.” That section specifies the amount of the taxes collectible on sales and next includes a long list of specific transactions to which the tax does not extend. Appliances of the kind manufactured and sold by appellant are not included in the list.
That section next expressly states that “for the purpose of the proper administration * * * [of the Sales Tax Act] and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax, until the contrary is established. ’ ’
Then follows the provision in applicable Section 5739.03, Revised Code (Section 5546-3, General Code), from which it is difficult for appellant to escape. That provision reads:
“7/ the tax does not apply to a sale, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, indicating that the sale is not legally subject to the tax. The certificate shall be in such form as the Tax Commissioner shall by regulation prescribe, and if no certificate is furnished or obtained within the period for filing the vendor’s return for the semiannual period to which such sale is consummated, the tax shall apply.” (Emphasis added.)
The corresponding provision in predecessor Section 5546-3, General Code, is substantially the same except that the certificate must be furnished or obtained prior to the consummation of the sale.
The taxing power of the state, under the Constitution, rests with the General Assembly. Its authority is so extensive that it could have levied without exception a tax on every retail sale of tangible personal property made in this state. What were the intent and design of the enactment adopted? True, the tax is imposed essentially on retail sales, with specifically described exceptions, but it is obvious from a perusal of the entire act that the tax likewise applies and was intended to apply to other sales, unless the consumer or the vendor follows the procedure spelled out in the statutes. The quoted provision *12 from Section 5739.03, Revised Code, is plain and unambiguous. It says in so many words that, if in truth a tax does not apply to a sale, the vendor is under the absolute obligation to procure from a consumer a certificate showing that fact, otherwise “the tax shall apply.”
Since the law itself is so plain, any rule which the Tax Commissioner might formulate and publish modifying or varying the vendor’s obligation under the statute would be ineffective- and meaningless.
In this case, it is not difficult to entertain a sympathetic feeling for the appellant, but it had a duty to perform under the express terms of the statute, and its neglect or failure to do so makes it amenable to the tax. The General Assembly said so in no uncertain terms.
If we were to adopt any view other than the one here expressed, it would probably be necessary to overrule the recently decided case of Steubenville White Truck Sales & Service, Inc., v. Peck, Tax Commr., 162 Ohio St., 251, 122 N. E. (2d), 790, which we are not disposed to do.
It follows that the decision of the Board of Tax Appeals must be affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taft, JJ., concur.